| Case No. | 5:16-CV-01609-RGK (KK) | Date | December 14, 2016 |
|---|---|---|---|
| Title | *WEBB v. ALPHA AND OMEGA SERVICES INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Motion for Class Certification (DE 25)

## I. INTRODUCTION

On June 13, 2016, Michael Webb ("Webb" or "Plaintiff") filed a class action in state court against Alpha and Omega Services, Inc. ("A&O") and Frank Keller ("Keller") (collectively,

"Defendants"). The Complaint alleged labor law violations against his employer on behalf of himself and other similarly situated employees. On July 21, 2016, Defendants' removed the action to federal court. On November 15, 2016, pursuant to an Order Re Dismissal with leave to amend, Webb filed a Second Amended Complaint ("SAC") alleging the same claims: (1) Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"); (2) Failure to Pay Overtime Compensation in violation of California law; (3) Unfair Business Practices in violation of California law; and (4) Civil Penalties under the California Private Attorneys General Act (PAGA), Cal. Lab. Code §§ 2698 et seq.

On October 19, 2016, Plaintiff filed the present Motion for Class Certification ("Motion"). Plaintiff seeks certification of a class action and conditional certification of a collective action under the FLSA. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Alpha & Omega Services is a Texas corporation that provides horse mounted security for special events around the United States. A&O has provided security services for events in California every year since 2008, including the popular Coachella and Stagecoach annual music festivals in Indio, California, and the Outside Lands annual music festival in San Francisco, California. A&O considers its horse

mounted Troopers to be independent contractors. Plaintiff disputes this designation, and alleges that the Troopers are employees. Plaintiff alleges, therefore, that A&O should have paid Troopers overtime for any work performed in excess of 8 hours per day (Troopers are normally assigned to 12-hour shifts).

Plaintiff now moves for: (1) class certification under Rule 23 against A&O for state law claims of failure to pay overtime compensation and unfair business practices; and (2) conditional certification of a collective action against A&O under § 216(b) of the FLSA. The Court addresses each in turn.

## III. RULE 23 CLASS ACTION

### A. Judicial Standard

To certify a class action, the plaintiff bears the burden of demonstrating that the requirements of Rule 23 are met. *Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Rule 23(a) requires that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

A plaintiff must also establish one of the following requirements of Rule 23(b): (1) the prosecution of separate actions would create risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those individual adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b).

The Court must perform a "rigorous analysis" to determine if certification is proper, which will involve some overlap with the merits of the plaintiff's underlying claim. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). In examining that "overlap" a court may afford the litigants an opportunity to present evidence as to whether a class is maintainable. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations and internal quotation marks omitted). Although some inquiry into the substance of a case may be necessary, however, it is improper to make a decision on the merits at the class certification stage. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

### B. Discussion

The Court may certify the class if Plaintiff establishes the four prerequisites of Rule 23(a), and at least one of the Rule 23(b) requirements. *See* Fed. R. Civ. P. 23.

#### 1. *Identifiable and Ascertainable Class*

As a threshold matter, although not specifically mentioned in Rule 23(a), Plaintiff's class must set forth an identifiable and ascertainable class. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 163 (C.D. Cal. 2002). A class is identifiable and ascertainable if it is "administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).

Here, Plaintiff seeks to certify a class consisting of "[a]ll persons who have performed services for [A&O] as TROOPERS . . . in California, or who before resolution of this suit will be employed by [A&O] in California as TROOPERS . . . within the applicable statute of limitations." (SAC ¶ 25, ECF

No. 35). Troopers are defined as:

> [T]hose persons working as part of a horse mounted patrol at outdoor events . . . and does not include persons working for A&O at locations outside of the United States, any person who would be considered an "exempt" employee under the provisions of the [FLSA], or any employee of A&O who works within the State of Texas and who A&O considers to be an actual employee, rather than an independent contractor.

(SAC ¶ 4.)

Plaintiff's proposed class has finite parameters. The putative class includes individuals working as horse mounted patrol at outdoor events in California for A&O as hourly-paid, independent contractors. Plaintiff received records of his payments from A&O showing the dates and hours worked, along with the amount paid. (*See* Webb Decl. Ex. 2 at 10, ECF No. 25-2.) Presumably, A&O provides all of its workers with a similar invoice for each particular job. Thus, the members of the putative class can be ascertained through A&O's records. As such, Plaintiff's class definition sets forth an identifiable and ascertainable class.

2. *Rule 23(a)*

As noted above, to satisfy the prerequisites of Rule 23(a), a plaintiff must set forth facts showing that the class meets four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). The Court addresses each in turn.

   a. *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is not a set number to satisfy this requirement, courts have found that a class with over forty members meets the requirement. *See, e.g., Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627, 637 (N.D. Cal. 2007) (vacated on other grounds); *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001).

Plaintiff estimates that he has personally worked with at least 60 Troopers in California. (Webb Decl. ¶ 17.) In addition, Plaintiff states that he has not worked all of the events in California, and therefore, he estimates the class could contain over 100 individuals. (*Id*.) While A&O challenges the numerosity requirement, it did not submit any evidence to dispute the number of the putative class. Therefore, the Court finds that Plaintiff has established the numerosity requirement.

   b. *Commonality*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that the members of a putative class share a "common contention." *Dukes*, 564 U.S. at 350. This "common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. The most important matter to commonality is *not* the raising of common questions. Rather, the significant question is the ability of a classwide proceeding to generate common *answers* toward the resolution of the adjudication. *Id*. "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (citation omitted).

Here, the common issue is whether A&O violated California wage and hour laws by

misclassifying the putative class members as independent contractors. In addition, Plaintiff provides evidence[1] that putative class members were all classified as independent contractors, assigned the same tasks, normally assigned to 12-hour shifts, and not paid overtime wages for work performed in excess of 8 hours per day. (*See* Webb Decl. ¶¶ 4–11.)

A&O argues that whether a worker is an independent contractor or an employee would require individual factual inquires into the duties of each worker. A&O, however, has not provided any evidence that the work and responsibilities of putative class members were in any way different from one another. Since Plaintiff provided evidence that potential class members had the same job duties, the Court finds that Plaintiff has established the commonality requirement.

    c.  *Typicality*

Typicality requires that "representative claims . . . [be] reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The Supreme Court has noted that typicality tends to merge with the commonality requirement. *Dukes*, 564 U.S. at 349 n.5. Thus, to satisfy the typicality requirement, Plaintiff must demonstrate that the unnamed class members "have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Plaintiff's alleged harm and the putative class members' alleged harm arise from the same conduct: A&O classified them as independent contractors, regularly required them to work 12-hour shifts, and failed to pay them overtime wages. Therefore, Plaintiff's claims are reasonably coextensive with those of absent class members. As such, the Court find that Plaintiff has established the typicality requirement.

    d.  *Adequacy of Representation*

Rule 23(a)(4) requires the Court to determine if the named plaintiff will fairly and adequately protect the interests of the class. The adequacy requirement is satisfied if the named plaintiff and his counsel (1) will prosecute the action vigorously on behalf of the class, and (2) do not have conflicts of interest with other class members. *Hanlon*, 150 F.3d at 1020.

Plaintiff has satisfied the adequacy requirement. The Declaration of Plaintiff's Attorney, Paul D. Jackson, demonstrates that experienced and qualified counsel will vigorously prosecute the action. Jackson states he has extensive experience prosecuting class actions and handling other employment law matters. (Jackson Decl. ¶¶ 1–2, ECF No. 25-5.) In addition, there is no evidence before the Court that Plaintiff or his counsel have conflicts of interest with other putative class members. Therefore, the Court finds that Plaintiff has established the adequacy of representation requirement.

  2.  <u>Rule 23(b)</u>

Having found that Plaintiff has satisfied the requirements of Rule 23(a), the Court must now determine whether Plaintiff has met his burden of showing that the proposed class satisfies one of the requirements of Rule 23(b). Plaintiff argues that the proposed class meets the requirement of Rule 23(b)(1)–(3). As discussed below, since the Court finds that Plaintiff has satisfied Rule 23(b)(3).

---

[1] To the extent the Court has relied on Plaintiff's evidence, A&O's evidentiary objections are overruled.

Therefore, it need not address the other requirements.

To qualify for certification under Rule 23(b)(3), a plaintiff must show that: (1) common questions "predominate over any questions affecting only individual members," and (2) class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### a. *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citations omitted). The main concern in the predominance inquiry is the balance between individual and common issues. *Mevorah v. Wells Fargo Home Mortg.*, 571 F.3d 953, 959 (9th Cir. 2009).

A&O contends that the Ninth Circuit has expressly refused to certify classes where the primary issue involves misclassification of employees as exempt because individual issues predominate. (Defs.' Opp'n to Pl.'s Mot. for Class Cert. at 18–19, ECF NO. 29.)

As noted above, however, the claims here—failure to pay overtime compensation and unfair business practices—stem from the common issue of whether putative class members should have been classified as employees rather than independent contractors. Several courts have granted class certification in cases where this is the common issue, finding that the factors needed to answer the question were susceptible to common proof. *See, e.g., Norris-Wilson*, 270 F.R.D. at 607 (citing *Dalton v. Lee Publ'ns*, 270 F.R.D. 555 (S.D. Cal. July 27, 2010); *Phelps v. 3PD, Inc.*, 261 F.R.D. 548 (D. Or. 2009); *Chun-Hoon v. McKee Foods Corp.*, No. 05-cv-0620-VRW, 2006 U.S. Dist. LEXIS 82029 (N.D. Cal. Oct. 31, 2006)).

Plaintiff has provided evidence that A&O treated putative class members the same and that putative class members had the same job duties while working for A&O. A&O has presented no evidence to the contrary. Therefore, the Court finds that determining whether putative class members should have been classified as employees or independent contractors is subject to common proof.

Regarding the claim for failure to pay overtime compensation, "determining whether any one member logged overtime hours is a matter of basic computation." *Norris-Wilson*, 270 F.R.D. at 609. If it is later determined that the putative class members should have been classified as employees, calculating their wage damages individually will require only minor analyses and should not be a reason to deny certification. *See id*. As such, the Court finds that common issues predominate any individual issues that may arise.

### b. *Superiority*

Rule 23(b)(3) also requires the Court to determine whether class representation is "superior" to other methods of adjudication. Fed. R. Civ. P. 23(b)(3). "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). But, "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class

action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). A&O's lone argument as to why a class action is not superior is that individual issues predominate. Since the Court has already determined that common issues predominate, the Court finds that it is in the interest of efficiency and judicial economy to adjudicate this matter as a single class action.

### C. Rule 23 Class Defined

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Class Certification under Rule 23 for the claims of Failure to Pay Overtime Compensation and Unfair Business Practices. The Court adopts Plaintiff's class definition with minor changes,[2] and **DEFINES** the class as follows:

> All persons who have performed services for A&O as Troopers in California, or who before resolution of this suit will work for A&O in California as Troopers within the applicable statute of limitations.

(*See* SAC ¶ 25.) Troopers are defined as:

> Those persons working as part of a horse mounted patrol at outdoor events and does not include persons working for A&O at locations outside of the United States, any person who would be considered an exempt employee under the provisions of the FLSA, or any employee of A&O who works within the State of Texas and who A&O considers to be an actual employee, rather than an independent contractor.

(*See* SAC ¶ 4.)

The named Plaintiff, Michael Webb, will serve as class representative. The Court **APPOINTS** Paul D. Jackson, Jeffrey P. Jackson, and Marshall Lurtz as Class Counsel.

## III. FLSA § 216(b) COLLECTIVE ACTION

### A. Judicial Standard

The FLSA provides an employee with a private right of action against an employer for unpaid overtime wages. 29 U.S.C. §§ 201 et seq.; *see Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 481 (E.D. Cal. 2006) (citing 29 U.S.C. § 207). Section 216(b) of the FLSA authorizes an employee to bring a collective action against an employer on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). Section 216(b) establishes an "opt-in" scheme whereby potential plaintiffs must notify the court by filing a written consent that they intend to be a party to the collective action in order to be bound by and benefit from it. *Id*.

To determine whether a collective action is appropriate, district courts must evaluate whether the proposed lead plaintiff is similarly situated to proposed collective members. *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Since the FLSA and the Ninth Circuit have not defined "similarly situated," the majority of district courts have adopted a two-step approach to be analyzed on an ad hoc basis. *Id*. The first step is a conditional notice. The second step is a post-discovery determination

---

[2]While Plaintiff's class definition includes individuals who will "be employed" by A&O before resolution of the action, the Court defines the class as individuals who will "work for" A&O to make it clear that the class does not include individuals who A&O classifies as an employee.

as to whether the case should proceed on a collective basis at trial. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002); *Thiessenn v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03 (10th Cir. 2001).

### B. <u>Discussion</u>

As an initial matter, the Court acknowledges that the language of § 216(b) permits *employees* to bring collective actions on behalf of those similarly situated. District courts, however, have conditionally certified collective actions in similar situations when the determination of whether potential collective members were employees or independent contractors was subject to common proof. *See, e.g., Guifu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-cv-1189-LHK, 2011 U.S. Dist. LEXIS 114821 (N.D. Cal. Oct. 5, 2011); *Carter v. XPO Last Mile, Inc.*, No. 16-cv-1231-WHO, 2016 U.S. Dist. LEXIS 137176 (N.D. Cal. Oct. 3, 2016). Therefore, while the dispositive issue here turns on whether Plaintiff and other potential collective members were in fact employees or independent contractors, this does not preclude conditional certification.

In Plaintiff's Motion, he asks the Court to: (1) conditionally certify the proposed FLSA collective action; (2) authorize mailing of the proposed Notice and Consent forms to all potential opt-in collective members; and (3) compel A&O to provide Plaintiff with the names and addresses of all potential opt-in collective members. (Pl.'s P. & A. in Support of Mot. for Class Cert. 19:16–22, ECF No. 25-1.) The Court address each in turn.

#### 1. *Potential Collective Members are Similarly Situated to the Named Plaintiff*

As noted above, district courts generally use a two-step approach when certifying collective actions under § 216(b) of the FLSA: (1) a conditional notice, where a "fairly lenient" standard of "similarly situated" is applied, and (2) a post-discovery determination, where a stricter standard of "similarly situated" is applied. *See Wynn*, 234 F. Supp. 2d at 1082.

Here, both parties agree that the case is in the notice stage. Accordingly, Plaintiff need only satisfy the more lenient standard of showing that he is similarly situated to other potential collective members. This requirement is met with substantial allegations that potential opt-in collective members were the victims of a single decision, policy, or plan. *Thiessen*, 267 F.3d at 1102.

Applying this standard, the Court finds that conditional certification of the FLSA claims is appropriate. Plaintiff defines the potential collective members as "all individuals who were employed by Defendants as hourly-paid Troopers who were classified as 'independent contractors' by Defendant." (Pl.'s P. & A. in Support of Mot. for Class Cert. 19:13–15.) Plaintiff alleges in his SAC that A&O classified all Troopers as independent contractors. (SAC ¶ 5.) Plaintiff further alleges that A&O required Troopers to regularly work twelve hours per day in excess of forty hours per week, without paying proper overtime compensation. (SAC ¶¶ 5–6.) These allegations are supported by declarations in support of Plaintiff's Motion.

A&O argues that the proposed collective definition is so broad that it includes individuals who are not similarly situated to Plaintiff. Specifically, A&O contends that Troopers had different ranks and job responsibilities. (Defs.' Opp'n to Pl.'s Mot. for Class Cert. 21:19–26, ECF No. 29.) However, A&O had not provided any evidence to support these contentions. On the other hand, the declarations submitted by Plaintiff state that any difference in rank merely reflected an individual's experience and that all Troopers had essentially the same job responsibilities. (*See* Webb Decl. ¶ 6; Hastings Decl. ¶ 10, ECF No. 25-3; Weisbeck ¶ 6, ECF No. 25-4.)

A&O also argues that conditional certification will require the Court to make an untimely legal

determination on the merits of the case—that is, whether Troopers are independent contractors or employees. The Court disagrees. As noted previously in this section, this issue does not preclude conditional certification at this stage. The Court need not make a determination as to whether the individuals are actually independent contractors to determine if they are similarly situated to the Plaintiff. The proposed collective action includes only individuals who have been classified by A&O as independent contractors. Therefore, Plaintiff need only show that he is similarly situated to those individuals that A&O has classified as independent contractors. Plaintiff has adequately done so. At this juncture, based on Plaintiff's allegations and supporting declarations, the Court finds that Plaintiff has presented sufficient evidence to warrant conditional certification of the collective action for the purpose of notifying potential collective members of their right to opt-in.

As such, the Court **GRANTS** Plaintiff's Motion to conditionally certify a FLSA collective action for the limited purpose of providing potential collective members with notice and the opportunity to opt-in. However, the Court does *not* find that all members who choose to opt-in will be, in fact, similarly situated. Such determination is left for the post-discovery stage.

The Court **DEFINES** the FLSA collective as follows:

All individuals who worked for A&O as hourly-paid Troopers within the applicable statute of limitation, who A&O classified as independent contractors, and who worked for A&O in the United States, outside the state of California.[3]

### 2. *The Proposed Notice and Consent Forms are Not Approved*

Plaintiff requests that the Court approve the proposed Notice and Consent forms and authorize the mailing of such forms to all potential opt-in collective members. The Supreme Court has abstained from delineating the proposed contents of a § 216(b) notice, noting that "such 'details' should be left to the broad discretion of the trial court." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) (citing *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Therefore, before the Court will approve the Notice, the following changes must be made:[4]

    a.    In the "TO" line: Replace "All hourly workers of Alpha and Omega Services, Inc. ("A&O") that were employed by A&O within the last two years" with "All individuals who worked for A&O as hourly-paid Troopers within the last three (3) years, who A&O classified as independent contractors, and who worked for A&O in the United States, outside the state of California." The recipients of the Notice should include only the potential collective members that the Court approved above. In addition, if a court finds that an employer's violation of the FLSA is "willful," then 29 U.S.C. § 255(a) permits the FLSA's two-year statute of limitations to be extended to three years. *Alverez v. IVP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003) (internal citations omitted). Because Plaintiff's collective action alleges willful violations of the FLSA (SAC ¶ 20), the three-year statute of limitations is

---

[3] While the scope of Plaintiff's proposed definition is clear based on his motion papers, the definition is not sufficient on its own. To clarify the collective definition, the Court: (1) changed "employed by" to "worked for" A&O to make it clear that the collective definition does not include individuals who A&O classifies as an employee; (2) included statute of limitations language to make it clear that the collective definition includes only individuals that worked for A&O within the statute of limitations; and (3) included geographical parameters to clearly distinguish the collection action from the class action defined above.

[4] Section numbers should be renumbered as needed.

applicable to this case.[5]

   b. In the "DESCRIPTION OF THE LAWSUIT" section: In the first paragraph, change "Defendants" to "Defendant A&O." The collective action is only brought against Defendant A&O, not against Defendant Keller. (SAC ¶ 14.) In addition, after "forty (40) per week" add "under the FLSA, 29 U.S.C. § 201 et seq." to make clear what statute the collective action and relevant claims are brought under.

   c. Add a "COMPOSITION OF THE CLASS" section after the "DESCRIPTION OF THE LAWSUIT" section. The section should include the definition of the conditionally certified collection action and the definition of Trooper, as they are defined above.

   d. In the "RIGHT TO MAKE A CLAIM IN THIS LAWSUIT" section: In the first paragraph, change "last two years" to "last three years" based on the applicable statute of limitations discussed above. In addition, add "by joining" after "overtime" and before "in" so that the recipients are aware they will be joining the collective action, not bringing individual claims. The sentence should read in relevant part "you have the right to assert claims for unpaid overtime by joining in this lawsuit."

In the second paragraph, add "in this collective action" after "claim" and before "you." Next, change "Consent to Sue in the lawsuit" to "Consent to Join form."[6]

   e. In the "YOUR RIGHT TO PARTICIPATE IN THIS SUIT" section: Add a paragraph after the return address information with the language:

> The form must be sent to Plaintiffs' attorneys in sufficient time to have Plaintiffs' attorneys file it with the Federal Court on or before _____ [**date 45 days from when the Court approves the mailing of the Notice and Consent forms**]. If you fail to return the "Consent to Join" form to Plaintiffs' attorneys by ___ [date specified at Plaintiff's discretion] for it to be filed with the Federal Court on or before the above deadline, you may not be able to participate in the FLSA portion of this lawsuit.

Plaintiff's proposed Notice does not include a duration for the opt-in period. Deadlines for filing Consent to Join forms, however, are common in FLSA actions. *See, e.g., Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1126 (N.D. Cal. 2009); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 542 (N.D. Cal. 2007). The Court believes that 60 days is sufficient time for potential plaintiffs to opt-in, but is also sufficiently limited so that discovery is only minimally interrupted. Therefore, all consent forms must be filed with the Court within 60 days from the date that the Court approves the mailing of Plaintiff's Notice and Consent forms.

---

[5]Though this group may prove to be over inclusive after a more thorough analysis, for the present purposes of certifying a collective action for providing notice, the Court applies the maximum statute of limitations under 29 U.S.C. § 255(a). *See Goldman v. Radioshack Corp.*, No. 2:03-cv-0032, 2003 U.S. Dist. LEXIS 7611 at *23 (E.D. Pa. Apr. 16, 2003).

[6]Every time the consent form is referenced in the Notice, it should be referred to as the "Consent to Join" form.

    f. Add a "COUNSEL FOR DEFENSE" section after the "YOUR REPRESENTATION IF YOU JOIN" section. In this section, insert the language "The attorneys for Defendant A&O are:" and include their contact information. Notice as to the identity of A&O's attorneys is necessary in order to ensure that potential opt-in plaintiffs make an informed decision as whether or not they want to join the collective action.

    g. At the end of the Notice form, add a section that includes language informing the recipient that the mailed Notice has been authorized by the Honorable R. Gary Klausner, Federal District Court Judge.

  In reviewing the proposed Consent form, the following changes must be made before the Court will approve it:

    a. In the title, change "SUE" to "JOIN" so the title reads "CONSENT TO JOIN UNDER FEDERAL FAIR LABOR STANDARDS ACT." This avoids confusion and makes clear to the recipients that by signing, they are consenting to join in the collective action.

    b. After the title and before the first sentence, add a heading that includes the case name, the case number, and this Court's information.

    c. Replace the first sentence, which reads "I am a 'trooper' currently or formerly employed by ALPHA AND OMEGA and/or related entities and/or individuals," with the collective definition the Court defined above.

  For the foregoing reasons, Plaintiff's Motion to approve and authorize the mailing of the proposed Notice and Consent forms is **DENIED**. Plaintiff is **ORDERED** to submit amended forms incorporating the Court's changes within **SEVEN DAYS** of this Order for the Court's approval.

  3. *A&O is Ordered to Provide Information of Potential Collective Members to Plaintiff*

  Plaintiff requests an Order directing A&O to produce the names and mailing addresses of all potential opt-in collective members for purposes of notice. The Supreme Court has authorized district courts, in their discretion, to order a defendant to "produce the names and addresses of [potential opt-in collective] members in a collective action." *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 121 (D.C. 2004) (citing *Hoffman-La Roche*, 493 U.S. at 172). Since the Supreme Court's decision in *Hoffman-La Roche*, numerous courts have relied on this decision to order the production of such names and addresses. *Id*.

  The Court finds that producing the names and last known addresses of potential opt-in collective members is necessary to provide proper notice of this action to all potential plaintiffs. Therefore, the Court conditionally **GRANTS** Plaintiff's Motion to compel A&O to produce the names and last known addresses of all potential opt-in collective members. On condition that the Court approves and authorizes Plaintiff's Amended Notice and Consent Forms, A&O is **ORDERED** to provide Plaintiff with such information within **SEVEN DAYS** of the Court's approval and authorization.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Class Certification. Specifically, the Court:

(1) **GRANTS** Plaintiff's Motion for Class Certification under Rule 23 for the claims of Failure to Pay Overtime Compensation and Unfair Business Practices.

(2) **GRANTS** Plaintiff's Motion to certify a FLSA collective action for the limited purpose of providing notice to potential collective members.

(3) **DENIES** Plaintiff's Motion to approve and authorize the mailing of the proposed Notice and Consent forms. Plaintiff is **ORDERED** to file a Request for Approval of Amended Notice and Consent Forms, with amendments attached, within **SEVEN DAYS** of this Order. Plaintiff shall include with his filing, a Proposed Order Granting Approval of Notice and Forms and Authorizing Mailing of the Notice.

(4) on condition that the Court approves and authorizes the mailing of Plaintiff's Amended Notice and Consent Forms, **GRANTS** Plaintiff's Motion to compel A&O to produce the names and last known addresses of all potential opt-in collective members. A&O is **ORDERED** to provide Plaintiff with such information within **SEVEN DAYS** of the Court's approval and authorization..

**IT IS SO ORDERED.**

          **:**      

**Initials of Preparer**