# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-01609-RGK-KK | | Date | May 19, 2017 |
|----------|----------------------|---|------|--------------|
| Title | *Michael Webb v. Alpha and Omega Services, Inc. et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|------------------------|------------------------------------------------|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|----------------------------------|----------------------------------|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Summary Adjudication (DE 56)**

## I.    INTRODUCTION

On June 13, 2016, Michael Webb ("Webb" or "Plaintiff") filed a class action in state court against Alpha and Omega Services, Inc. ("A&O") and Frank Keller ("Keller") (collectively, "Defendants"). The Complaint alleged claims for (1) Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"); (2) Failure to Pay Overtime Compensation in violation of California law; (3) Unfair Business Practices in violation of California law; and (4) Civil Penalties under the California Private Attorneys General Act (PAGA), Cal. Lab. Code §§ 2698 et seq. On December 14, 2016, the Court granted Plaintiff's Motion for Class Certification under Rule 23, and also granted his motion to certify an FLSA collective action.

On April 14, 2017, Plaintiff filed the instant Motion for Summary Adjudication on the issue of the class members' employment status. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

Alpha & Omega Services is a Texas-based corporation that provides horse-mounted security guards ("troopers") for special events throughout the United States. A&O has provided security services for events in California every year since 2008, including at the popular Coachella and Stagecoach music festivals in Indio, California, and at the Outside Lands music festival in San Francisco, California.

At most events, troopers patrol the event site on horseback 24-hours per day, in 12-hour shifts. Troopers generally patrol in pairs, and are grouped into larger squads under the supervision of a higher-ranked trooper. The role of A&O troopers at these events is to assist and interact with the public, to maintain event safety, to enforce event rules, and to report potential hazards or incidents to event staff.

A&O considers its horse mounted troopers to be independent contractors. Plaintiff disputes this designation, however, and alleges that the troopers are employees. As such, Plaintiff contends that they

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-01609-RGK-KK | Date | May 19, 2017 |
|----------|----------------------|------|--------------|
| Title | *Michael Webb v. Alpha and Omega Services, Inc. et al.* | | |

should have been paid overtime for any work performed in excess of 8 hours per day, among other labor code violations.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a)-(b).

## IV.   DISCUSSION

The instant Motion asks the Court to determine as a matter of law that the class members in this case should have been classified as employees, rather than independent contractors under both California law and the federal Fair Labor Standards Act (FLSA). This determination makes up the crux of Plaintiff's entire lawsuit.

Generally speaking, whether a worker is characterized as an employee or an independent contractor is a question of fact to be determined by the trier of fact from the evidence adduced at trial. *Mantonya v. Bratlie*, 33 Cal. 2d 120, 128–29 (1948). If only a single conclusion may be drawn from the undisputed facts, however, the question of whether a worker is an employee or an independent contractor may be decided as a matter of law. *Id.*

In order to determine whether the undisputed facts suggest that this determination is appropriate for decision by the Court as a matter of law, the Court must first consider the applicable standards for determining whether a given worker is an employee or an independent contractor.

### A.   Applicable Standards for Determining Employment Status

The Parties agree that the main test for determining employment status in California is set out in *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*, 48 Cal.3d 341 (1989):

> The principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired. . . . [T]he authorities also endorse several "secondary" indicia . . . include[ing] (a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-01609-RGK-KK | Date | May 19, 2017 |
|---|---|---|---|
| Title | *Michael Webb v. Alpha and Omega Services, Inc. et al.* | | |

> the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee. Generally, . . . the individual factors cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations.

*Id.* at 350–351.

There is some dispute, however, over the test applicable to determine employment status under the FLSA. Plaintiff argues that the test from *Bonnette v. Cal. Health & Welfare Agency* applies, whereas Defendants argue that the test from *Real v. Driscoll Strawberry Associates, Inc.* applies.

The Ninth Circuit in *Bonnette* found that while the ultimate determination must be based on the totality of the circumstances, four factors are worth considering:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

704 F.2d 1465, 1470 (9th Cir. 1983).

The Ninth Circuit in *Real* identified six slightly different factors that "may be useful in distinguishing employees from independent contractors for purposes of . . . the FLSA":

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

603 F.2d 748, 754 (9th Cir. 1979).

### B. Application of the Facts of this Case

The Court need not determine at this stage which tests are applicable, however, because the Court finds that under *any* of the above-mentioned tests there are triable issues of material fact that make a judicial determination of the troopers' employment status as a matter of law inappropriate at this stage.

## CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-01609-RGK-KK | Date | May 19, 2017 |
|---|---|---|---|
| Title | *Michael Webb v. Alpha and Omega Services, Inc. et al.* | | |

For instance, it is unclear to what extent A&O had the right to control the method and manner in which the troopers conducted their work once they are on patrol at a given event.

There is similarly a genuine dispute about the economic dependence of the troopers on their jobs with A&O, as many troopers appear to have other jobs in addition to their work as troopers. A&O further suggests that many troopers only work for A&O as a means of furthering their love of working with horses. There is also a dispute about the level of skill and training required to be an A&O trooper.[1]

There are several undisputed facts that cut against a judicial determination that troopers are properly categorized as employees. For instance, individual troopers largely own their own equipment, including their horses and horse-trailers, and troopers are able to select which events they work at in a given year, if any.

Finally, the troopers consented to an independent contractor relationship with A&O when they signed their independent contractor agreements. Some troopers, including Plaintiff, even took tax write-offs that were only available to independent contractors.

Based on the foregoing, the Court determines that at this stage, it appears that whether troopers are properly considered employees or independent contractors is a question of fact for the trier of fact to determine. Therefore, Plaintiff is not entitled to judgment as a matter of law on this issue.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____

---

[1] Plaintiff has certainly not met his burden of showing that riding horses "does not require a high degree of skill," despite Plaintiff's insight that "[c]ountless children learn to ride a horse." (Pl.'s Mot. For Summ. Adj. 13:7–10, ECF No. 56-1.) This unsupported statement says nothing about the skill required to ride a horse in a professional crowd-control setting.